**Michael T. BROWN, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, a corporation; Ken Baker, an individual; Jim Tomasello, an individual; Robert Gick, an individual; and Does 1–50, inclusive, Defendants.**

Civ. No. 98–CV–0094–B(POR).

United States District Court,
S.D. California.

July 31, 1998.

Patrick L. Prindle, Anne L. Rauch, The Reed Law Firm, San Diego, CA, for plaintiff.

Peter H. Klee, Luce, Forward, Hamilton, & Scripps, LLP, San Diego, CA, for defendant.

**ORDER (1) DECLINING REMAND AND VACATING MAY 19, 1998 ORDER TO SHOW CAUSE, (2) DISMISSING DEFENDANTS BAKER, TOMASELLO AND GICK AS FRAUDULENTLY JOINED, (3) GRANTING IN PART AND DENYING IN PART DEFENDANT ALLSTATE'S RULE 12(B)(6) MOTION TO DISMISS, AND (4) GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT**

BREWSTER, Senior District Judge.

## I. BACKGROUND

Michael Brown ("Plaintiff") owns two plumbing companies that performed plumbing contracting and insurance claim work for Allstate Insurance Company ("Allstate"). A business dispute ensued between Plaintiff and Allstate, and Allstate subsequently ceased to use Plaintiff's services. On December 18, 1997, Plaintiff sued Allstate and three alleged Allstate employees, Ken Baker, Jim Tomasello, and Robert Gick, in the Superior Court of California, alleging nine state law causes of action.

On January 20, 1998, Defendants[1] removed the case to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1441(b), asserting that this Court possessed diversity jurisdiction under 28 U.S.C. § 1332.[2] On March 30, 1998, Allstate filed a motion to dismiss Plaintiff's complaint pursuant to FED. R. CIV. P. 12(b)(6).[3] Plaintiff filed a First Amended Complaint ("FAC") on May 1, 1998, and the parties subsequently stipulated that the motion to dismiss would be deemed applicable to the FAC. On May 19, 1998, the Court deferred action on the pending motion to dismiss and ordered Allstate to show cause why the case should not be remanded to state court for want of subject matter jurisdiction.

## II. FEDERAL JURISDICTION AND REMAND

The Court must determine whether this case was properly removed to federal court in the first instance under 28 U.S.C. § 1441. *See Emrich v. Touche Ross and Co.,* 846 F.2d 1190, 1194–95 (9th Cir.1988). Section 1441(a) authorizes removal of "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction." Where, as here, subject matter jurisdiction would be based on diversity of citizenship, a suit is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is brought." 28 U.S.C. § 1441(b). If it appears that the district court lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c). The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statutes are construed restrictively, so as to limit

---

**1.** It is ambiguous upon whose behalf the notice of removal was submitted. On page 1, line 5 of the notice, Counsel identifies himself and his firm as "Attorneys for Defendant Allstate Insurance Company." However, at page 1, lines 24–28 and page 7, lines 6–10, the notice purports to request removal on behalf of all Defendants, and on page 7, lines 15–17, below his signature, Counsel states that he and his firm are "Attorneys for Defendants Allstate Insurance Company, Ken Baker, Jim Tomasello, and Robert Gick."

**2.** 28 U.S.C. § 1446(b) requires that a notice of removal be filed within thirty days after the date on which the defendant receives the removable

pleading. The notice of removal states that the first date on which any defendant received Plaintiff's complaint was December 24, 1997.

**3.** It is ambiguous upon whose behalf the motion was submitted. On page 1, line 5 of the amended notice of motion, Counsel purported to represent Defendants Allstate, Baker, Tomasello, and Gick, and the document refers to "Defendants" at page 1, lines 5 (caption), 24, and 28 and page 2, line 1, but only Allstate is named as the moving party at page 1, line 22. Because this Court is dismissing the employee defendants on its own motion, it will address the motion to dismiss as if it were brought only on behalf of Allstate.

removal jurisdiction and prevent waste of judicial resources. *See Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992).

■■■ This Court appears to lack jurisdiction because Defendants Baker, Tomasello, and Gick are alleged to be California residents. *See* 28 U.S.C. § 1441(b). However, Allstate argues that removal was proper because the individual defendants were fraudulently joined in the complaint. A party may be disregarded for jurisdictional purposes if the Court determines that party's joinder is fraudulent or a sham and that no cause of action has been stated against that party. *See McCabe v. Gen. Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir.1987). If the plaintiff fails to state a cause of action against a defendant, and the failure is obvious according to the settled rules of the state, the joinder of the defendant is fraudulent and may be disregarded. *See id.* Fraudulent joinder is a term of art and is not intended to impugn the integrity of Plaintiff or his counsel.

Although Plaintiff's complaint and FAC name the three individual defendants in the caption and in the headings of some causes of action, no material allegations against these defendants are made. Because Plaintiff has failed to state a cause of action against them, the individual defendants have been fraudulently joined.

Plaintiff attempts to explain the absence of the individual defendants' names in the body of the complaint as a typographical error, and requests (although not by noticed motion) leave to amend the FAC to correct this error. However, "[w]hether an action should be remanded must be resolved by reference to the complaint at the time the petition for removal was filed." *Kruso v. I.T.T.,* 872 F.2d 1416, 1426 n. 12 (9th Cir.1989) (citations omitted). The complaint as it existed at removal does not allege any wrongdoing by the individual defendants. Therefore, these defendants are fraudulently joined and are hereby dismissed, without prejudice. As the requirements for jurisdiction under 28 U.S.C. § 1332 and § 1441 are now satisfied, the Court declines to remand the action against Allstate and vacates its order to show cause.

## III. MOTION TO DISMISS

### A. Standard of Law

■■■ A motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. This court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to plaintiff. *Parks School of Business, Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995). The court need not, however, accept every allegation in the complaint as true; rather, the court "will examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian,* 978 F.2d 1115, 1121 (9th Cir.1992) (citation omitted).

### B. Analysis

Plaintiff's FAC contains nine causes of action: (1) termination in violation of public policy, (2) breach of implied contract of continued employment, (3) breach of implied covenant of good faith and fair dealing, (4) intentional infliction of emotional distress, (5) defamation, (6) intentional interference with prospective economic advantage, (7 and 8) unfair competition, and (9) civil conspiracy.

#### 1. Unlawful Termination in Violation of Public Policy

■■■ Plaintiff's first cause of action alleges that Allstate terminated his employment in violation of public policy. To prevail on this claim, Plaintiff must establish that he maintained an employment relationship with Allstate and that he was terminated from that relationship for reporting or failing to participate in an unlawful act or for engaging in some protected activity. *See Gantt v. Sentry Insurance,* 1 Cal.4th 1083, 1090, 4 Cal. Rptr.2d 874, 824 P.2d 680 (1992). Plaintiff's FAC alleges that he was employed by Allstate and that he was terminated because he had objected to Allstate's alleged violations of California Insurance Code § 790.

While Plaintiff's allegations of his employment would generally be sufficient to survive the low-threshold standard for a motion to

dismiss, the Court recognizes that there is evidence in the letters written by Plaintiff to Allstate dated August 1, 1996 and March 17, 1997, that suggests that Plaintiff was in fact an independent contractor and not an employee.

■ "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios v. Richard Feiner and Company*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citation omitted). "However, material which is properly submitted as part of the complaint may be considered." *Id.* (citation omitted). Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a motion to dismiss without converting the motion into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 453–454 (9th Cir.1994).

Plaintiff states in his opposition to the motion that there is "no reference, whatsoever, to the March 17, 1997 letter" in his complaint. However, both the Complaint and FAC clearly and unambiguously refer to the March 17, 1997 letter and the August 1, 1996 letter. See FAC, ¶ 8. The FAC even states that the March 17, 1997 letter was attached thereto as Exhibit 1, although in fact no exhibits were attached. (That letter was attached to the original complaint as Exhibit 1.) Therefore, if these letters were deemed pertinent, the Court could review them in considering the motion to dismiss.

■ Also, apparently in support of its motion to dismiss, Allstate urges judicial notice of two requests for admissions made upon Plaintiff and Plaintiff's responses thereto. A court may, on a motion to dismiss, take judicial notice of facts outside the pleadings. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir.1986) (citation omitted). Therefore, "on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." *Id.* However, judicial notice is generally limited to a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2)

capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EV. 201(b).

Distinguishing between an employee and an independent contractor "requires a fact-specific inquiry which depends upon the economic realities of the situation." *Mitchell v. Frank R. Howard Memorial Hosp.*, 853 F.2d 762, 766 (9th Cir.1988) (internal quotations omitted) (reversing a district court's dismissal of claim made on finding that plaintiff was an independent contractor and not an employee ). The Court proceeds with particular caution with respect to a request for judicial notice when, as here, it is urged so to resolve a fundamental, dispositive factual dispute. Therefore, the Court declines to resolve this issue with the disfavored remedy of dismissal. Allstate's request for judicial notice and its motion to dismiss Plaintiff's unlawful termination claim are denied.

### 2. Breach of Implied Contract of Continued Employment

■ Plaintiff next alleges that Allstate breached its alleged implied contract of continued employment. Under California law, at-will employment is presumed, and therefore a party seeking to establish an implied contract of continued employment has the burden of demonstrating such an agreement. *Davis v. Consolidated Freightways*, 29 Cal.App.4th 354, 366–367, 34 Cal. Rptr.2d 438 (1994). "Under California law, an implied contract of employment may arise from a combination of factors, including longevity of service, commendations and promotions, oral and written assurances of stable and continuous employment, and an employer's personnel practices." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 389 n. 2, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citations omitted). Plaintiff alleges that in or about March 1993, Plaintiff and Allstate entered into an implied-in-fact employment agreement that provided that Plaintiff would not be terminated without good cause. Plaintiff further alleges that he was employed by Allstate for a period in excess of four years, that he consistently received excellent performance evaluations, and that he

was assured on numerous occasions that he would not be terminated arbitrarily. Plaintiff argues that Allstate breached this contract by terminating him without just cause in May 1997.

While Allstate questions the depth of Plaintiff's factual basis, Plaintiff has alleged a *prima facie* case of breach of implied contract of continued employment. The Court will not resolve factual disputes at this stage of litigation. Therefore, Allstate's motion to dismiss the second cause of action is denied.

### 3. Covenant of Good Faith and Fair Dealing

Plaintiff alleges that his employment agreement with Allstate "contained an implied covenant of good faith and fair dealing" which Allstate allegedly violated by terminating him without cause. This cause of action is not available in California for employees who allege that they have been discharged in violation of the covenant. *Foley v. Interactive Data Corp.,* 47 Cal.3d 654, 700, 254 Cal. Rptr. 211, 765 P.2d 373 (1988). Plaintiff has agreed that this claim may be dismissed as a matter of law. Therefore, the Court dismisses this claim without leave to amend.

### 4. Intentional Infliction of Emotional Distress

Under California law, the elements of a cause of action for intentional infliction of emotional distress are (1) outrageous conduct so extreme as to exceed all bounds of that usually tolerated in a civilized society, (2) an intention to cause or reckless disregard of the probability of causing emotional distress, (3) plaintiff's severe emotional suffering, and (4) actual and proximate causation of that suffering. *See Molko v. Holy Spirit Assn.,* 46 Cal.3d 1092, 1120, 252 Cal. Rptr. 122, 762 P.2d 46 (1988). Legal remedy is available only in exceptional cases:

> On the spectrum of offensive conduct, outrageous conduct is that which is the most extremely offensive. Depending on the idiosyncrasies of the plaintiff, offensive conduct which falls along the remainder of the spectrum may be irritating, insulting or

even distressing but it is not actionable and must simply be endured without resort to legal redress.

*Yurick v. Superior Court,* 209 Cal.App.3d 1116, 1129, 257 Cal.Rptr. 665 (1989).

While ordinarily a question of fact, Plaintiff's conclusory allegations of outrageous conduct, intent, and severe emotional suffering are so inadequate so as to justify dismissal without prejudice. In any case, the Court also dismisses this claim on the ground that Plaintiff has not specified which individual, or individuals, committed this alleged tort. "[A] corporation is a fictitious legal person ... [that] can act only through its duly constituted organs, primarily its board of directors." John Alexander & Harry Henn, Laws of Corporations, 145–146 (West 1989). Because Allstate as a corporation is incapable of committing these wrongs, Plaintiff fails to state a claim against Allstate.[4] Therefore, Plaintiff's intentional infliction of emotional distress claim is dismissed with leave to amend.

### 5. Defamation

Plaintiff's fifth cause of action alleges that Allstate defamed him by informing the public that Plaintiff was not competent in his trade. Allstate is a corporation, not an individual, and is unable to make a statement. Plaintiff does not allege the identity of any individual who made a defamatory statement or when it was made. Therefore, Plaintiff's defamation claim is dismissed with leave to amend.

### 6. Intentional Interference with Prospective Economic Advantage

Plaintiff's sixth cause of action, intentional interference with prospective economic advantage, requires five elements: "1) an economic relationship between the plaintiff and some third person containing the probability of future economic benefit; 2) knowledge by the defendant of the existence of the relationship; 3) intentional acts on the part of the defendant designed to disrupt the relationship; 4) actual disruption of the rela-

---

**4.** It should be noted that Allstate can be vicariously liable for torts committed by an employee

in the course and scope of employment.

tionship; and 5) damages." *Blank v. Kirwan*, 39 Cal.3d 311, 330, 216 Cal.Rptr. 718, 703 P.2d 58 (1985) (citation omitted). Plaintiff must establish an actual economic relationship or a protected expectancy with a third person, not merely a hope of future transactions. *See id.* at 330–331, 216 Cal. Rptr. 718, 703 P.2d 58. In this case, Plaintiff fails to identify any specific existing relationships with which Allstate tortiously interfered. Furthermore, as Allstate is not a competitor of Plaintiff's, the Court finds as inadequate Plaintiff's conclusory allegation that Allstate derived an economic benefit from its alleged interference. Therefore, Plaintiff's sixth cause of action is dismissed with leave to amend.

**7. Unfair Competition (California Business and Professions Code § 17200)**

■ Plaintiff's seventh cause of action alleges that Allstate is liable for unfair competition pursuant to California Business and Professions Code § 17200. Private individuals cannot seek damages for unfair business practices under this statute. Private remedies are limited to equitable relief, and civil penalties are recoverable only by specified public officers. *See* CAL. BUS. & PROF. CODE §§ 17200, 17203–17206; *see also Dean Witter Reynolds, Inc. v. Superior Court*, 211 Cal.App.3d 758, 774, 259 Cal.Rptr. 789 (1989) (compensatory damages are not recoverable under § 17200). Therefore, Plaintiff's seventh cause of action is dismissed with leave to amend.

**8. Unfair Competition (California Business and Professions Code § 17500)**

Plaintiff's eighth cause of action alleges that Allstate is liable for unfair competition pursuant to California Business and Professions Code § 17500. While § 17500 provides only for criminal penalties, individuals may seek remedy for violations of § 17500 through § 17200. However, private remedies are limited to equitable relief, and civil penalties are recoverable only by specified public officers. See CAL. BUS. & PROF. CODE §§ 17500, 17535; *see also Chern v. Bank of America*, 15 Cal.3d 866, 875, 127 Cal.Rptr. 110, 544 P.2d 1310 (1976) ("section

17500 does not authorize recovery of damages by private individuals"). Therefore, Plaintiff's eighth cause of action is dismissed with leave to amend.

**9. Civil Conspiracy**

■ Plaintiff's ninth cause of action, "civil conspiracy," alleges that Allstate and Does 1–50 (alleged in the FAC to be or have been employees, agents, or officers of Allstate) conspired to wrongfully interfere with Plaintiff's prospective economic relationships. Under California law, Allstate, a corporation, cannot "conspire" with its agents, employees, or officers. *See, e.g., Doctors' Co. v. Superior Court*, 49 Cal.3d 39, 44, 260 Cal.Rptr. 183, 775 P.2d 508 (1989). Therefore, this claim is dismissed with leave to amend.

## IV. CONCLUSION

Defendants Baker, Tomasello, and Gick are dismissed as fraudulently joined. Therefore, the Court declines to remand this action and vacates its order to show cause. Defendant Allstate's 12(b)(6) motion to dismiss is granted in part and denied in part. Plaintiff is granted thirty days leave to amend his FAC. If Plaintiff does not amend, Allstate is not required to appear until ten days after the earlier of these events: (1) the expiration of the thirty day period provided for leave to amend, or (2) Plaintiff notifies the Court and Allstate's attorney that he will not file a second amended complaint. If Plaintiff files a second amended complaint, any defendant's obligation to file a responsive pleading is governed by Rule 12(a) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.