**IN TRANSIT SALES, INC., Plaintiff,**

v.

**BANCO POPULAR DE PUERTO RICO, INC., et al.,
Defendants.**

**Civil No. 00–2230(JAG).**

United States District Court,
D. Puerto Rico.

May 20, 2002.

Judith Berkan, Mary Jo Mendez–Vilella, Berkan & Mendez, San Juan, PR, for Plaintiff.

Jorge Bermudez–Torregrosa, Cuevas Kuinlam & Bermudez, Hato Rey, PR, Alberto Rodriguez–Ramos, Humberto Guz-

man–Rodriguez, Martinez Odell & Calabria, San Juan, PR, Arturo Trias, Hector Melendez–Cano, Trias, Acevedo & Otero, San Juan, PR, Maria S. Pineiro–Soler, Hato Rey, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court are plaintiff's objections to United States Magistrate–Judge Justo Arenas's Report and Recommendation on the various Motions to Dismiss filed by co-defendants Banco Popular de Puerto Rico ("BPPR"), Sebastian Services ("Sebastian"), Rafael Román ("Román"), and John Paul Mitchell Systems ("JPMS–US"). (Docket No. 88.) Magistrate–Judge Arenas recommended that the Court grant the co-defendants's motions to dismiss. (Docket No. 80.) In its objections to the Magistrate–Judge's Report and Recommendation, plaintiff argues: (1) that the Magistrate–Judge made an erroneous factual determination; (2) that the Magistrate–Judge erred in his determination that the complaint did not meet the particularity requirements of Rule 9(b); (3) that the Magistrate–Judge erred in his interpretation of the mail fraud standard; and (4) that the Magistrate–Judge erroneously concluded that there was no causal nexus between the alleged illegal activity and the plaintiff's damages.

## STANDARD OF REVIEW

A district court may, on its own motion, refer a pending matter to a United States Magistrate–Judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Rule 503, Local Rules, District of Puerto Rico. Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 510.2, the adversely affected party may contest the report and recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. 28 U.S.C. § 636(b)(1). The Court must then make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *See United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Lopez v. Chater,* 8 F.Supp.2d 152, 154 (D.P.R.1998). The Court may accept, reject or modify, in whole or in part, the Magistrate–Judge's recommendations. "Failure to raise objections to the report and recommendation waives [that] party's right to review in the district court and those claims not preserved by such objections are precluded on appeal." *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir. 1992) (citations omitted).

## FACTUAL BACKGROUND

Plaintiff In Transit Sales, Inc. (hereinafter "In Transit") initiated this lawsuit on September 25, 2000. (Docket No. 1). A second amended complaint was filed on December 14, 2000. (Docket No. 38). In its complaint, In Transit alleges that co-defendants BPRR, Sebastian, Román and JPMS–US were involved in a fraudulent scheme to obtain information related to plaintiff's bank accounts in order to justify the termination of a distribution contract and deprive plaintiff of a multimillion dollar business relationship in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(a) *et seq.* In addition, In Transit brings forth claims under various federal statutes: namely, the Electronic Communications Privacy Act, 18 U.S.C. § 2701 *et seq.;* the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2); and, the Federal Communications Act, 47 U.S.C. § 605.

In its objections to the Magistrate–Judge's Report and Recommendation, In Transit objects solely to the portion of the report dealing with the civil RICO claims.

Therefore, this Court will **ADOPT** the unobjected portions of the Magistrate–Judge's well-reasoned report and recommendation relative to the claims under the Electronic Communications Privacy Act, the Computer Fraud and Abuse Act, and the Federal Communications Act. Moreover, having carefully reviewed the record, the Court will **ADOPT** the Magistrate–Judge's Report and Recommendation that In Transit's RICO claims be dismissed and the state supplemental claims be dismissed without prejudice.

### DISCUSSION

#### I. *The RICO allegations:*

In order to state a claim under §§ 1962(a), (b) and (c), "a plaintiff must allege each of four elements required by the statute: (1) conduct (2) of an enterprise, (3) through a pattern (4) of racketeering activity." *North Bridge Associates, Inc. v. Boldt,* 274 F.3d 38, 42 (1st Cir.2001)(citing *Bessette v. Avco Fin. Servs., Inc.,* 230 F.3d 439, 443 (1st Cir. 2000)); *Feinstein v. Resolution Trust Corp.,* 942 F.2d 34, 41 (1st Cir.1991)(citing in turn *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985)). Racketeering activities include, *inter alia,* mail and wire fraud, and financial institution fraud.[1] *See* 18 U.S.C. § 1961(1)(B).

In their motions for summary judgment co-defendants argued, and the Magistrate–Judge agreed, that the complaint failed to state sufficient facts to support a finding that co-defendants committed predicate acts of mail or wire fraud, which in turn is a crucial element of In Transit's RICO claim.

#### A. *Mail and Wire Fraud—the predicate offense*

In order to plead a violation of mail or wire fraud, "a plaintiff must show that: (1) the defendants formed a scheme or artifice to defraud; (2) the defendants used the United States mails in furtherance of the scheme; and (3) the defendants did so with specific intent to deceive or defraud." *Sebastian International, Inc. v. Russolillo,* 128 F.Supp.2d 630, 634 (C.D.Cal.2001) (citations omitted); *see also, Bonilla v. Volvo Car Corp.,* 150 F.3d 62, 66–67 (1st Cir. 1998), *cert. denied,* 526 U.S. 1098, 119 S.Ct. 1574, 143 L.Ed.2d 670 (1999). "In addition to demonstrating the fraud … RICO requires the plaintiff[ ] to show that [it] was 'injured in [its] business or property by reason of' the fraud." *Bonilla,* 150 F.3d at 66–67 (citing 18 U.S.C. § 1964(c)).

After a careful reading of the Magistrate–Judge's Report and Recommendation, this Court finds that the Magistrate–Judge's determination that In Transit has failed to plead sufficient facts to establish that co-defendants engaged in mail and/or wire fraud is correct. Furthermore, the Court also agrees with the Magistrate–Judge's statement that the complaint fails to show a nexus between the alleged fraudulent behavior on the part of the co-defendants and plaintiff's injury.

Even though this Court wholly agrees with the determination made by the Magistrate–Judge that In Transit's has failed to plead enough facts to sustain a predicate act of mail and wire fraud, it will not discuss the objection made by In Transit as to the mail and wire fraud claim, since there are other grounds that justify the dismissal of this action.

---

1. The Magistrate–Judge concluded, and In Transit does not contest, that In Transit lacked standing to bring a RICO action with 18 U.S.C. § 1344 (financial institution fraud) as the predicate offense. Therefore, the only remaining issue is whether In transit has adequately alleged predicate acts of mail and wire fraud.

### B. *Pattern of Racketeering Activity*

A reading of the complaint reveals that there is an alternative ground for dismissal in this case: namely, that In Transit has failed to allege facts sufficient to establish a RICO "pattern." The facts alleged in the complaint relative to mail and wire fraud (and detailed in the Magistrate–Judge's Report and Recommendation) reveal that the alleged "scheme" of mail and wire fraud lasted a little of over a month (specifically August and September of 2000). (Docket No. 38, second amended complaint). In Transit has failed as a matter of law to adequately allege the "pattern of racketeering activity"[2] necessary to sustain a RICO claim. *See e.g., Efrón v. Embassy Suites (Puerto Rico), Inc.,* 223 F.3d 12, 17–19 (1st Cir.2000), *cert. denied,* 532 U.S. 905, 121 S.Ct. 1228, 149 L.Ed.2d 138 (2001); *see also, M & I Heat Transfer Products, Ltd. v. Willke,* 131 F.Supp.2d 256, 260–61 (D.Mass.2001)(describing the requirements to establish "pattern" under RICO, in particular the element of "continuity"). *See also, Gonzalez–Morales v. Hernandez–Arencibia,* 221 F.3d 45, 51–52 (1st Cir.2000).

Even assuming that the several letters and wire transfers[3] that In Transit mentions in its complaint are related acts of mail fraud, "they nonetheless fail to support a RICO cause of action because continuity is wholly lacking." *North Bridge Associates, Inc. v. Boldt,* 274 F.3d at 43. In other words, In Transit has failed as a matter of law to plead any facts that could satisfy the requirement of continuity.

### C. *The Rule 9(b) pleading requirements*

The Magistrate–Judge correctly stated and applied the pleading requirements set forth in Rule 9(b). In Transit, however indirectly, argues that its inability to comply with Rule 9(b) is a result of this Court's order to stay discovery.

First, it should be noted that plaintiff was afforded two chances to amend its complaint, and thus comply with Rule 9(b). (*See* Dockets No. 15 and 38). In addition, there is evidence on the record that In Transit filed a parallel case in state court against co-defendant JPMS–US for alleged violations of Law 75. Even though In Transit was allowed to conduct discovery in the state court proceeding, plaintiff has not filed a motion with this Court showing that additional facts have surfaced in support of its RICO theories.

### II. *Erroneous factual determination:*

The Court hereby strikes from the Magistrate–Judge's Report and Recommendation the factual conclusion in page 4 (four) stating that plaintiff In Transit hired Javier Piñero to "hack into" co-defendant BPPR's computerized financial records. The Court notes, however, that the aforementioned factual determination does not alter the rationale underlying the Magistrate–Judge's Report and Recommendation, or for that matter, will make a difference in the decision of this Court.

### CONCLUSION

For the foregoing reasons, the Court **ADOPTS** Magistrate–Judge Justo Are-

---

**2.** "To establish a RICO 'pattern,' a plaintiff must demonstrate: (1) at least two 'predicate acts' of 'racketeering activity' within ten years of one another; (2) show 'that the predicates are related [;] and [ (3) ] they amount to or pose a threat to continued criminal activity.' " *M & I Heat Transfer Products, Ltd. v. Willke,* 131 F.Supp.2d 256, 260–61 (D.Mass.2001)(citing *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 239, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989)).

**3.** A detailed rendition of the facts in this case, particularly the few letters and wire transfers relative to the allegations of mail and wire fraud is found in the Magistrate–Judge's Report and Recommendation (Docket No. 80).

nas's Report and Recommendation. (Docket No. 80). In Transit's claims under the Electronic Communications Privacy Act, the Computer Fraud and Abuse Act, and the Federal Communications Act must be **DISMISSED.**

In Transit's RICO claim must likewise be **DISMISSED.**

Judgment shall enter **dismissing** all federal claims in the Complaint. The state law claims shall be **dismissed without prejudice,** pursuant to 28 U.S.C. § 1367.

IT IS SO ORDERED.