Samuel "Wesley" McCABE, and John Elson, Plaintiffs/Appellants,

v.

GENERAL FOODS CORPORATION, Alan Moltz, Abner Ladson and Does 1–100, Defendants/Appellees.

No. 85–6332.

United States Court of Appeals, Ninth Circuit.

Argued Nov. 6, 1986.

Submitted Nov. 25, 1986.

Decided March 5, 1987.

As Amended May 18, 1987.

John Elson, Los Angeles, Cal., Charlotte Costan, Burbank, Cal., for plaintiffs/appellants.

Stuart Linnick, Mark Wasserman, Los Angeles, Cal., for defendants/appellees.

Before ALARCON, BRUNETTI and NOONAN, Jr., Circuit Judges.

NOONAN, Circuit Judge:

Samuel "Wesley" McCabe brought an action against his former employer, General Foods Corporation (General Foods) and two of its managers, Alan Moltz and Abner Ladson, and 100 unidentified Does, alleging wrongful discharge and injuries connected with this discharge and seeking damages of $100 million. The district court dismissed Moltz and Ladson and gave summary judgment for General Foods. We affirm.

*Background.* In 1955 McCabe went to work for General Foods as a laborer at its Los Angeles facility and worked there until 1971. He then opened up his own motel and swimming pool business, and was eventually employed as an officer in the Arizona Sheriff's Department. In 1976 he returned to work for General Foods as a production foreman. In 1981 he voluntarily quit and went to work in Mexico without any connection with General Foods. In December 1982, returning to California, he was again hired by General Foods as a production foreman. In April 1983 he was involuntarily terminated, leading to this lawsuit.

Moltz was the operations manager of the plant and the person who fired McCabe. Ladson was a production manager at the plant and McCabe's immediate superior. In his suit, brought February 1984 in a state court, McCabe alleged that the discharge "was wrongful and motivated by the ill will and malice of defendants Moltz and Ladson who were managerial employees of defendant General Foods, and whose wrongful conduct was ratified by defendant General Foods, and Does 1 through 100."

General Foods is a Delaware corporation. McCabe, Moltz and Ladson are residents of California. General Foods removed the case to the federal court, contending that there was no basis in California law for imposing liability on Moltz and Ladson, so

that their presence in the suit did not defeat diversity. McCabe moved to remand. On September 26, 1984 the district court denied the motion to remand. On November 28, 1984 the district court ruled to eliminate Moltz and Ladson from the federal case as fraudulently-joined defendants.

McCabe moved to file an amended complaint which stated that Moltz and Ladson had "wilfully and maliciously" "induced" General Foods to fire McCabe and that they had done so "in order to protect themselves and solely in their own self-interest." The proffered amended complaint eliminated the allegation that General Foods had ratified the action of Moltz and Ladson. The district court denied the motion to amend, found that the motion had violated Rule 11, and awarded General Foods $2,500 in fees and $300 in costs, jointly payable by McCabe and his counsel.

On June 24, 1985, the district court granted a motion for summary judgment for General Foods. On September 27, 1985, McCabe appealed from the order awarding sanctions and from the judgment "to be entered" in favor of General Foods, Ladson, and Moltz.

*Issues:* Is there jurisdiction to entertain this appeal?

Is the district court's denial of remand appealable?

Were Moltz and Ladson fraudulently-joined defendants?

Was summary judgment properly granted General Foods?

Was the motion to amend the complaint properly denied?

Were sanctions properly awarded for violation of Rule 11?

*Analysis:*

1. *Jurisdiction of the Appeal*

No final judgment has been entered. However, the two orders of the district court, one eliminating Moltz and Ladson as defendants on November 28, 1984 and the other granting General Foods' motion for summary judgment on June 24, 1985, were final decisions. The appellee does not object to the exercise of our jurisdiction. We are able in the interest of justice to treat the appeal as an appeal from final judgment. *Calhoun v. United States,* 647 F.2d 6, 11 (9th Cir.1981). But the question of the presence of non-diverse defendants raises a doubt as to the existence of any federal jurisdiction. We turn to this question.

2. *Appealability of the Order Denying Remand*

When a remand motion is denied and the case is tried on the merits, the issue is whether the district court would have had jurisdiction had the case been filed in federal court "in the posture it had at the time of the entry of the final judgment." If at the time when the final judgment is entered only diverse parties remain, the fact that at an earlier point there were non-diverse defendants is irrelevant. Diversity jurisdiction is measured by the final posture. *Lewis v. Time, Inc.,* 710 F.2d 549, 552 (9th Cir.1983).

If we follow *Lewis* literally, of course, no final judgment at all has been entered and we do not even have appellate jurisdiction. We have, however, decided to construe as final judgments the final orders of the court disposing of substantive issues. For the purposes of this appeal those orders are the functional equivalent of final judgments.

On November 28, 1984 Moltz and Ladson were finally dismissed from the case. The trial of the summary judgment motion of General Foods was decided months later on June 24, 1985. As far as General Foods is concerned, we look at the posture of the case at this date as though this were the date of the entry of final judgment in its favor. We do so for purposes of appellate jurisdiction and we do so for the purpose of determining whether there was diversity jurisdiction in McCabe's case against General Foods.

On June 24, 1985 the only parties were McCabe and General Foods, an out-of-state corporation. At this point, diversity jurisdiction existed. It was too late to appeal

the denial of remand. *Lewis v. Time,* at 552.

There is, however, out-of-circuit authority contrary to *Lewis. Gonsalves v. Amoco Shipping Co.,* 733 F.2d 1020, 1026 n. 6 (2nd Cir.1984). It is contended that the right rule focuses on whether or not the plaintiff waived erroneous assumption of jurisdiction. *Moore's Federal Practice* (1984) ¶ 0.157 [11.5 and 6]. McCabe made no waiver. Not accepting the Second Circuit rule, we nonetheless out of caution consider whether the denial of remand was proper.

### 3. *Diversity Jurisdiction*

■ The district court had jurisdiction to determine its jurisdiction. The presence of the one hundred Doe defendants could prevent diversity jurisdiction, but in this case the Does are unidentified. We have no information as to who they are or where they live or their relationship to the action. It was proper for the district court to disregard them. *Bryant v. Ford Motor Co.,* 794 F.2d 450 at 453 (9th Cir.1986); *Othman v. Globe Indemnity Co.,* 759 F.2d 1458 at 1642 (9th Cir.1985). The Does were not indispensable parties and served no other purpose than protecting the plaintiff under California pleading practice. *Othman* at 1463.

The district court also had jurisdiction to determine if its jurisdiction was defeated by the mention in the complaint of the two residents of California, Moltz and Ladson. On the defendants raising the issue, the court had to determine if they were fraudulently joined.

■ Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent. *Moore's Federal Practice* (1986) ¶ 0.161[2]. The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent. *Smith v. Southern Pacific Co.,* 187 F.2d 397 (9th Cir.1951). Here the district court had before it the pleadings plus the sworn declaration of Moltz and Ladson that they had

acted in the interests of their employer and not to benefit themselves and, in addition, there was a relevant declaration of McCabe.

■ On the basis of the complaint alone, the district court could rightly conclude that no cause of action had been stated against Moltz and Ladson. Their actions, according to the complaint, had been in their managerial capacity. Their actions, according to the complaint, had been ratified by General Foods. They were not alleged to have acted on their own initiative. McCabe's own declaration alleged that they were motivated "in part" by ill will. But it is clear that "if an advisor is motivated in part by a desire to benefit his principal," his conduct is, under California law, privileged. *Los Angeles Airways, Inc. v. Davis,* 687 F.2d 321, 328 (9th Cir. 1982). Under California law no wrongful discharge case was stated against them.

McCabe concedes in his brief that another asserted cause of action for emotional distress damages, negligently caused, "flows from his cause of action for interference with a contractual relationship." But McCabe failed to state a good cause of action for interference with a contractual relationship. His cause of action for negligence against Moltz and Ladson therefore failed. He alleged no duty that they owed to him. His additional cause of action for emotional distress, intentionally inflicted, failed to state the requisite outrageousness, *see infra,* p. 1340.

McCabe failed to state any cause of action against Moltz and Ladson; their joinder to General Foods as defendants was sham; their presence did not destroy diversity.

We turn to the substantive issues in the appeal of McCabe against the order in favor of General Foods.

### 4. *Wrongful Discharge*

■ Under California law McCabe had a valid case for wrongful discharge if he could show breach of an employment contract or tortious discharge or bad faith discharge. There was no written employment contract, and no evidence of an im-

plied in fact covenant not to terminate McCabe without good cause. To establish such a covenant under California law, McCabe had to show longevity of employment and policies of the employer which indicate such a covenant. *Pugh v. See's Candies*, 116 Cal.App.3d 311, 171 Cal.Rptr. 917 (1981). McCabe failed to produce evidence showing longevity of employment; indeed his evidence was to the contrary. He had twice voluntarily left General Foods to pursue other options.

■ McCabe attempted to show that his discharge was a tort in violation of a public policy, declaring that Ladson, who was black, "may not have liked me disciplining" a black employee for illegal transactions on the premises. McCabe's testimony did not amount to evidence that the reason for discharge was racially motivated in breach of California public policy. *See Gray v. Superior Court*, 181 Cal.App.3d 813, 819, 226 Cal.Rptr. 570 (1986).

■ McCabe's third way of proving wrongful discharge is to show that it was in bad faith. One way of showing bad faith is to show essentially the same elements necessary to prove breach of a covenant implied in fact. As already observed, McCabe failed to prove the essential elements of his case in this manner. If there was a strong showing of an employer policy, longevity might be dispensable. Id. at 821. McCabe made a weak and ineffective showing of an employer policy. The other way of proving bad faith is to show retaliation against the employee for conduct not related to his work, e.g. *Khanna v. Microdata Corp.*, 170 Cal.App.3d 250, 215 Cal.Rptr. 860 (1985). In his complaint and evidence offered in support of the complaint, McCabe offered no evidence of such retaliatory motive. He did attempt to introduce such evidence in connection with the proffered amendment of his complaint and the character of this evidence will be discussed below. As far as the complaint itself was concerned, summary judgment was properly granted on the claim for wrongful discharge.

### 5. *Intentional Infliction of Emotional Distress*

■ California permits recovery for conduct "so extreme and outrageous as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." *Rulon-Miller v. International Business Machines Corp.*, 162 Cal.App.3d 241, 254, 208 Cal.Rptr. 524 (1984). McCabe offered no evidence showing conduct close to qualifying under this standard.

### 6. *Fraud and Deceit*

McCabe alleged fraud and deceit by General Foods in persuading him to return from Texas to California. He has abandoned this contention on appeal. Fed. R.App.P. 28(a); *Carducci v. Regan*, 714 F.2d 171, 177 (D.C.Cir.1984) (per Scalia, J.). The issue was itself not pressed. McCabe's proffered evidence of fraud consisted in vague references to statements made by Moltz and others undated as to time and lacking specificity.

### 7. *Denial of the Motion to Amend the Complaint*

■ In the original complaint, Moltz was described as overseeing supervisory personnel and Ladson was described as McCabe's "immediate supervisor" and both were portrayed as acting on behalf of General Foods. In the proferred amended complaint McCabe alleged that Moltz and Ladson had fired McCabe because of fear that he would report their alleged transgressions to the company or the police. The district court found the amendment was offered in bad faith in order to destroy removal jurisdiction. It found the amendment in contradiction with the original complaint. The district court did not abuse its discretion.

### 8. *Rule 11 Sanctions*

■ In his response to interrogatories McCabe alleged that the transgressions described in the amended complaint took place between December 1982 and April 1983. However, in a supplemental response to interrogatories he changed his story and said they took place between 1976 and 1981. The court concluded that

counsel had not made "the reasonable inquiry" required by Rule 11 before filing the proposed amended complaint. As the alleged transgressions, re-dated to 1976–1981, had nothing to do with McCabe's later firing, the court also concluded that the amended complaint was "completely frivolous." The district court did not abuse its discretion in imposing sanctions for violation of Rule 11, under which the sanctions could be imposed both upon counsel and litigant and here were properly made jointly payable by both. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 828 (9th Cir.1986).

Appellee's motion for leave to enter judgment is referred to the district court with instructions to enter judgment.

AFFIRMED.