878 F.2d 388
 16 Media L. Rep. 2167
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James WEAVER, Plaintiff-Appellant,
v.
The OREGONIAN PUBLISHING CO., INC., an Oregon Corporation
d/b/a Oregonian Newspaper, Defendant-Appellee.
 
 1
 No. 88-4078.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submitted June 5, 1989.
Decided June 21, 1989.
 
 3
 Before JAMES R. BROWNING, and FLETCHER, Circuit Judges, EUGENE F. LYNCH,* District Judge.
 
 ORDER
 
 4
 The neutral reporting privilege is not a "settled rule" that would make the failure of appellant's claim against appellee "obvious." See McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir.1987). On the contrary, it presents an open and difficult question. The Third Circuit has rejected the privilege. See Dickey v. CBS Inc., 583 F.2d 1221, 1225-26 (3d Cir.1978). Three circuits have considered, but not adopted, the privilege. See Lee v. Dong-A-Ilbo, 849 F.2d 876, 878 (4th Cir.1988); Woods v. Evansville Press Co., Inc., 791 F.2d 480, 489 (7th Cir.1986); Dixson v. Newsweek, Inc., 562 F.2d 626, 631 (10th Cir.1977). It has been recognized in only one. See Edwards v. National Audubon Society, Inc., 556 F.2d 113, 120 (2d Cir.1977). Nor has the privilege been recognized by Oregon's courts. See McNabb v. Oregonian Publishing Co., 69 Or.App. 136, 685 P.2d 458 (1984) (citing Edwards but applying actual malice standard).
 
 
 5
 Appellee argues that if the uncertainty relates to the law rather than the facts the joinder still can be fraudulent because the district court is required to decide legal questions as to the existence of a cause of action against the non-diverse defendant no matter how doubtful they may be. This is not the law. A "colorable" claim against a non-diverse defendant will bar removal under the fraudulent joinder doctrine; "doubtful questions" of law must be determined in state court. See Smith v. Southern Pacific Co., 187 F.2d 397, 401-02 (9th Cir.1951); see also McCabe, 811 F.2d at 1339; Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir.1983); Sessions v. Chrysler Corp., 517 F.2d 759, 701 (9th Cir.1975); 1A J. Moore, Moore's Federal Practice p 0.161 at 273-74 (1983).
 
 
 6
 Moreover, even if appellee's view of the fraudulent joinder doctrine were correct, material disputes of fact would bar application of the doctrine here.
 
 
 7
 The judgment of the district court is REVERSED and the matter REMANDED for entry of an order remanding the case to state court.
 
 
 
 *
 The Honorable Eugene F. Lynch, United States District Judge for the Northern District of California, sitting by designation