117 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Janine Naomi OTANI, Plaintiff-Appellant,
v.
STATE FARM FIRE AND CASUALTY COMPANY; Sandra Gomes, Claims
Representative; Julie Quinn, Claim Supervisor; John Does
1-10; Jane Does 1-10; Doe Partnerships 1-10; Doe
Corporations 1-10; Roe Non-Profit Organizations 1-10; Roe
Governmental Entities 1-10, Defendants-Appellees.
 No. 96-16313.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 9, 1997.
July 2, 1997.
 
 Before REINHARDT, T.G. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant, Janine Naomi Otani, appeals the district court's denial of her motion to remand and grant of summary judgment dismissal in her action against State Farm Fire and Casualty Company and two of its employees, Sandra Gomes and Julie Quinn. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.
 
 
 3
 We review a district court's denial of a motion to remand a removed case de novo. Duncan v. Stuetzle, 76 F.3d 1480, 1484 n. 4 (9th Cir.1996). A dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is a ruling on a question of law that we review de novo. Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995). We review a grant of summary judgment de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996).
 
 
 4
 Otani challenges the district court's denial of her motion to remand on the basis that joinder of the two employees was not fraudulent, and that even if fraudulent joinder existed, the notice of removal was defective because it did not specifically plead fraudulent joinder or, alternatively, was not timely filed. Otani's arguments lack merit.
 
 
 5
 Normally, dismissal of resident defendants will not create diversity jurisdiction unless the dismissal was the result of a voluntary action by the plaintiff. Great N. Ry. Co. v. Alexander, 246 U.S. 276, 281 (1918). An exception to this rule exists in the case where the resident defendants are determined by the court to have been fraudulently joined. McCabe v. General Foods Corp., 811 F.2d 1336 (9th Cir.1987). The test for fraudulent joinder is if plaintiff fails to state a cause of action against the resident defendants and the failure is obvious according to the settled rules of the state.[1] Reading Otani's complaint in the light most favorable to her and applying Hawaii state law, we find no cause of action against either of the employees. Therefore, the district court did not err in applying the fraudulent joinder exception.
 
 
 6
 Otani also claims that the notice of removal was defective because it did not specify fraudulent joinder as a ground for removal. A notice of removal is required to contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). This court has held that in considering fraudulent joinder, "the pleadings may be deemed amended by evidence introduced at the hearing." Smith v. Southern Pac. Co., 187 F.2d 397, 400 (9th Cir.1951). State Farm's notice of removal incorporated, among other things, the state court's dismissal of the resident employees. Taken as a whole, the notice was sufficient to invoke fraudulent joinder as a ground for removal.
 
 
 7
 Finally, Otani argues that in the case of fraudulent joinder, the notice of removal must be filed within thirty days of service of the amended complaint. We do not agree. The second paragraph of 28 U.S.C. § 1446(b) states that if the initial case is not removable, notice of removal may be filed within thirty days of an order from which it may first be ascertained that the case is or has become removable. Since diversity did not and could not have existed until after the fraudulently joined defendants had been dismissed, State Farm's notice of removal was timely filed.
 
 
 8
 Finding no error, we affirm the district court's denial of Otani's petition to remand.
 
 
 9
 The district court dismissed Otani's breach of contract claims primarily on the basis that the amended complaint did not identify the specific contract provisions breached as required by Hawaii law. In reading the amended complaint in the light most favorable to Otani, we hold that the amended complaint was sufficient to give State Farm notice of the specific breach alleged. We, therefore, reverse and remand to the district court for determination of Otani's breach of contract claims.
 
 
 10
 The district court dismissed Otani's bad faith claim based on the failure of Hawaii courts to recognize claims for bad faith in insurance contracts. Subsequent to the dismissal, the Hawaii Supreme Court recognized bad faith claims. Because Hawaii now recognizes a cause of action for bad faith in insurance contracts, we reverse and remand to the district court for determination of Otani's bad faith claim.
 
 
 11
 Finally, Otani claims the district court erred in applying the 1993 revisions of the Hawaii insurance code to her accident. We agree. Following the dismissal of Otani's case, the Hawaii Supreme Court ruled that the 1993 revisions do not apply to accidents occurring prior to January 1, 1993. The application of the 1993 revisions to Otani's case, therefore, constituted reversible error on the part of the district court. AFFIRMED in part and REVERSED in part. No costs allowed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Fraudulent joinder does not necessarily involve "fraud" as the term is commonly understood; rather, "[f]raudulent joinder is a term of art." McCabe, 811 F.2d at 1339