Essie EVANS, Plaintiff—Appellant,

v.

MUTUAL OF OMAHA INSURANCE
COMPANY; California State Employees Association, Defendants—Appellees.

No. 03–56720.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 2005.

Decided June 16, 2005.

Christian J. Garris, Kabateck & Garris, Los Angeles, CA, for Plaintiff–Appellant.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jay Orlandi, Esq., Barger & Wolen LLP, Richard P. Dieffenbach, Law Office of Marcus Baukol, Los Angeles, CA, for Defendant–Appellee.

Before: TROTT and W. FLETCHER, Circuit Judges, and RESTANI,* Judge.

MEMORANDUM **

Essie Evans appeals (1) the district court's denial of her motion, under 28 U.S.C. § 1447(c), to remand to state court her action against the California State Employees Association ("CSEA") and Mutual of Omaha Insurance Company; and (2) the Fed.R.Civ.P. 12(b)(6) dismissals of her claims against CSEA and Mutual of Omaha. We review the district court's denial of a motion to remand a removed case de novo. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1315 (9th Cir.1998). We reverse and remand with instructions to vacate the 12(b)(6) dismissals and to remand the matter to state court for lack of diversity.

On the face of the complaint, complete diversity does not exist because Essie and CSEA are both residents of California. 28 U.S.C. § 1332. "Fraudulently joined" defendants, however, will not defeat removal on diversity grounds. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the set-

tled rules of the state, the joinder of the resident defendant is fraudulent." *Id.*

Here, CSEA cannot be said to be a "sham defendant" because Essie's claim against it is not an obvious failure. CSEA possibly has a good statute of limitations defense, but that defense is not so obvious as to make CSEA a "sham defendant."

Consequently, the district court was without jurisdiction to grant CSEA's and Mutual of Omaha's 12(b)(6) motions. The district court is instructed to vacate the 12(b)(6) dismissals of both actions and is instructed to remand the matter to state court for lack of diversity.

REVERSED AND REMANDED.

---

* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.