Florence INGRAM, Plaintiff,

and

Fannie BURRAGE, Sarah Latiker,
Lillie Roby, Plaintiffs—
Appellants,

v.

Bayer Corporation, et al., Defendants—
Appellees.

No. 03–35953.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 8, 2006.

Decided Feb. 15, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**954**

Kenneth W. Smith, Esq., Dominique D. Michael, Esq., Miller & Associates, Alexandria, VA, for Plaintiff/ Plaintiffs–Appellants.

Edward A. Williamson, Esq., The Williamson Law Firm, Jackson, MS, Randolph Wood, Esq., Frank A. Wood, Jr., Watkins & Eager, for Plaintiffs–Appellants.

Luther M. Dove, Jr., Esq., Dove & Chill, Fred's of Meridian Inc, Meridian, MS, Edward J. Currie, Jr., Esq., Currie Johnson Griffen Gaines & Myers, Michael Chad Moore, Esq., Wilkins Stephens & Tipton, Jackson, MS, Burrell's Drugs Inc, Sallis, MS, Jesse Lee Howell, III, Esq., Copeland Cook Taylor & Bush, Ridgeland, MS, for Defendants–Appellees.

Before: LEAVY, RYMER, and FISHER, Circuit Judges.

## MEMORANDUM *

Fannie Burrage, et al. appeal from the district court's dismissal of their action against Bayer Corporation, et al., arguing that removal jurisdiction is lacking. We agree, and reverse.

Bayer, whose burden it is to establish removal jurisdiction, *California ex rel. Lockyer v. Dynegy, Inc.,* 375 F.3d 831, 838 (9th Cir.2004), *amended by* 387 F.3d 966 (9th Cir.2004), did not show that the joint amended complaint obviously fails to state a cause of action under Mississippi law against resident defendants, *see McCabe v. Gen. Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir.1987) (establishing standard for fraudulent joinder). No evidence was presented to pierce the pleadings, therefore we look only to the allegations in the complaints. Assuming (without needing to decide) that Mississippi requires knowledge on the part of retailers or pharmacists for product liability claims, paragraphs 27, 44, 63, 79, and 94 of the complaint sufficiently aver it for purposes of notice pleading. Miss. R. Civ. P. 8(a); Miss.Code Ann. § 11–1–63. We cannot say that conflicting allegations elsewhere in the complaint obviously render the claim futile. Nor are we obliged to follow federal district court decisions upon which Bayer relies; even so, we do not read them as controlling here given the particular allegations in Burrage's complaint. As the absence of diversity on this claim renders removal inappropriate, we do not consider whether the district court correctly found fraudulent joinder on other claims and as to all plaintiffs. Accordingly, we reverse and remand to the district court with instructions to vacate its dismissal orders, as they were without jurisdiction, and to order the action, in the form it was at the time of removal, remanded to state court.

Given this disposition, it is unnecessary to reach Burrage's alternative argument that the complaints should not have been dismissed because that issue is moot.

## REVERSED AND REMANDED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.