John Derrick, Esq., Santa Barbara, CA, for Plaintiff–Appellant.

Will S. Skinner, Esq., Drinker, Biddle & Reath LLP, Los Angeles, CA, Donald F. Zimmer, Jr., Esq., Siobhan A. Cullen, Esq., Drinker, Biddle & Reath, San Diego, CA, Joseph Thomas, Esq., Karen Imbus, Esq., Ulmer & Berne, Cincinnati, OH, for Defendant–Appellee.

Meera SAMANTA, Plaintiff–Appellant,

v.

Olina HARWER, MD, Defendant,

and

Barr Laboratories, Inc., Defendant–Appellee.

No. 05–55490.

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 2007.*

Filed April 2, 2007.

Before: RYMER, WARDLAW, and MILAN D. SMITH, JR., Circuit Judges.

MEMORANDUM **

Plaintiff Meera Samanta appeals the district court's judgment in favor of defendant Barr Laboratories, Inc. (Barr). Samanta argues that the district court erroneously determined that defendant Olina Harwer, M.D. (Dr. Harwer) was fraudulently joined and therefore incorrectly found that removal was appropriate. We agree.

We have jurisdiction under 28 U.S.C. § 1291, and "review the district court's legal determination as to the propriety of removal, like all questions of subject-matter jurisdiction, de novo." Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson, 201 F.3d 1212, 1215 (9th Cir.2000) (citations omitted).

Because Samanta and Dr. Harwer's California residency prevents complete diversity, the district court's power to exercise

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

subject matter jurisdiction depends on a finding that Dr. Harwer was fraudulently joined. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.2001). Where a defendant proves fraudulent joinder, the presence of a resident defendant will not defeat diversity jurisdiction, and a remand on jurisdictional grounds is not required. *Id.* "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987). The removing defendant bears the burden of proving that removal is appropriate and is entitled to present facts showing that the joinder is fraudulent. *Id.*

The district court misapplied the fraudulent joinder test. The key inquiry is whether Samanta's complaint put forward any viable theory against Dr. Harwer. Samanta's complaint pleads each element of a cause of action for medical negligence and lack of informed consent against Dr. Harwer. Furthermore, Barr does not offer any argument or facts challenging the viability of these claims. Since Barr did not meet its burden of proving that Dr. Harwer was fraudulently joined, removal was inappropriate. Accordingly, we vacate the district court's judgment and remand to the district court with instructions that it remand the case to state court for lack of jurisdiction or diversity jurisdiction.

**VACATED AND REMANDED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.