**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHSEN REIHANIFAM, an individual,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>FRESENIUS MEDICAL CARE NORTH AMERICA,<br><br>Defendant - Appellee. | No. 15-55310<br><br>D.C. No. 8:12-cv-01580-DOC-JPR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted August 18, 2016[**]
San Francisco, California

Before: THOMAS, Chief Judge and HAWKINS and McKEOWN, Circuit Judges.

Mohsen Reihanifam appeals from a jury verdict in favor of Fresenius

Medical Care North America ("Fresenius") in Reihanifam's employment action.

He claims that the district court (1) lacked subject matter jurisdiction; (2) abused

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

its discretion in conducting voir dire; (3) permitted misconduct on the part of Fresenius; (4) denied Reihanifam an opportunity to cross-examine a defense witness; and (5) improperly excluded testimony related to product quality and safety issues. We review subject matter jurisdiction de novo, *Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 736 (9th Cir. 2011), and we review evidentiary and procedural rulings for abuse of discretion, *Wagner v. Cty. of Maricopa*, 747 F.3d 1048, 1052 (9th Cir. 2013). We affirm.

The district court's jurisdiction under 28 U.S.C. § 1332 depends on whether, "at the time when the final judgment [was] entered only diverse parties remain[ed] . . . ." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1338 (9th Cir. 1987). Because the allegedly non-diverse defendant identified by Reihanifam had been voluntarily dismissed as a party prior to trial, "the fact that at an earlier point there were non-diverse defendants is irrelevant" and the district court had subject matter jurisdiction. *Id.*

The policy behind voir dire favors a thorough examination, *see Darbin v. Nourse*, 664 F.2d 1109, 1113 (9th Cir. 1981), and the district court is therefore given "wide latitude" to conduct examination "reasonably sufficient to test the jury for bias or partiality," *United States v. Goland*, 959 F.2d 1449, 1454 (9th Cir. 1992). The remarks Reihanifam identifies as improper were well within the outer

bounds of this discretion. *Silverthorne v. United States*, 400 F.2d 627, 638 (9th Cir. 1968) ("Appellate courts will not interfere with the manner in which the trial court conducted the voir dire examination unless there has been a clear abuse of discretion.").

The district court did not err in leaving the parties to draft a curative instruction in response to Reihanifam's objection to Fresenius's improper reference to Reihanifam's tenure at Nephcor, a topic that was to be excluded pursuant to a motion in limine. Nor was there reversible error in Fresenius's misreading of certain testimony. Because Reihanifam did not contemporaneously object to the misreading, we apply plain error review. *C.B. v. City of Sonora*, 769 F.3d 1005, 1016 & n.6 (9th Cir. 2014). The instances Reihanifam identifies did not "seriously impair[] the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1019 (quoting *Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 36 (1st Cir. 2006)).

Reihanifam's argument that the district court disallowed cross-examination of a defense witness is not supported by the record. In the one instance cited by Reihanifam, his counsel voluntarily passed the witness to Fresenius for redirect examination.

The district court on three occasions in the four-day trial sustained objections to testimony related to Reihanifam's theory that he was a whistleblower

3

for product quality and patient safety issues. Reihanifam did not contemporaneously object to the exclusion of this evidence, and we therefore review these instances for plain error. *City of Sonora*, 769 F.3d at 1016 & n.6. Even assuming that the evidentiary rulings were in fact erroneous, these rulings did not affect the "fairness, integrity, or public reputation" of the proceedings. *Id.* at 1019 (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

**AFFIRMED.**