
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICKEY M. GILLIAM; BARBARA L. GILLIAM, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> BANK OF AMERICA, NA; et al., <br><br> Defendants-Appellees. | No.   19-55325 <br><br> D.C. No. 8:17-cv-01296-DOC-JPR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted September 3, 2020 [**]
Pasadena, California

Before:  GOULD and IKUTA, Circuit Judges, and EZRA,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Rickey Gilliam and Barbara Gilliam (collectively, the "Gilliams") appeal the district court's judgments for defendants Bank of America, N.A. (BANA); Recontrust Company, N.A.; Nationstar Mortgage, LLC; HSBC Bank USA, N.A.; and Xome Holdings LLC (on behalf of its wholly-owned subsidiary, defendant Veriprise Processing Solutions, LLC). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in denying the Gilliams' motion to remand the case to state court. The district court had jurisdiction under 28 U.S.C. § 1332(a) because the non-diverse defendants, Recontrust and Quality Loan Services (Quality), were fraudulently joined. *GranCare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018). The Gilliams' claims against Quality were barred because Quality's challenged conduct was privileged under section 2924(d) of the California Civil Code. *See McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The Gilliams' claims against Recontrust were barred by the res judicata effect of their prior litigation.

The district court did not err in dismissing Recontrust and Mortgage Electronic Registration Systems, Inc. (MERS) with prejudice on res judicata grounds. The Gilliams' argument that res judicata does not bar their claims for harms concealed by the defendants, or for new harms that occurred after the prior

2

litigation fails. The Gilliams failed to show that they were not negligent in failing to discover the allegedly concealed harms, *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1202–03 (9th Cir. 1982), and neither MERS nor Recontrust caused "new" harms after the prior litigation under California law, *see Atwell v. City of Rohnert Park*, 27 Cal. App. 5th 692, 702 (2018). Therefore, the Gilliams' claims against MERS and Recontrust are barred by the res judicata effect of the prior litigation.

The district court did not err in dismissing BANA, because all claims against BANA were premised on the assignment of the Deed of Trust in 2013, and, under California law, the Gilliams lacked standing to challenge the assignment in a preforeclosure context. *Saterbak v. JPMorgan Chase Bank*, N.A., 245 Cal. App. 4th 808, 815, 819–20 (2016); *Perez v. Mortg. Elec. Registration Sys., Inc.*, 959 F.3d 334, 339 (9th Cir. 2020).

The district court did not err in granting the motion for summary judgment in favor of HSBC. All claims premised on the challenged assignments of the Deed of Trust fail because the Gilliams lack standing to bring them before foreclosure. *Saterbak*, 245 Cal. App. 4th at 819–20. Therefore, the Gilliams' argument that HSBC was not a creditor did not raise a "genuine dispute as to any material fact" to preclude the district court's grant of summary judgment. Fed. R. Civ. P. 56(a).

**AFFIRMED**