**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELWYN ROBINSON, | No. 22-55023 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-04033-ODW-RAO |
| v. | |
| PPG INDUSTRIES, INC., a Pennsylvania Corporation; DOES, 1 through 10, Inclusive, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| DAVID SEBOLD, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted April 20, 2023
Pasadena, California

Before: WARDLAW and KOH, Circuit Judges, and MCMAHON,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Colleen McMahon, United States District Judge for the Southern District of New York, sitting by designation.

Elwyn Robinson appeals a district court's grant of summary judgment, as well as a number of interlocutory orders, on his claims of age discrimination and related violations of California's Fair Employment and Housing Act ("FEHA") against PPG Industries, Inc. ("PPG") and David Sebold, a PPG employee responsible for hiring workers at a sealant production facility in Mojave. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court orders denying Robinson's motion for remand, motion to strike late-filed pleadings, and motion for a continuance. While we affirm the grant of summary judgment on Robinson's retaliation claim, we reverse the grant of summary judgment to PPG on Robinson's age discrimination and failure to prevent age discrimination claims.

1. As Robinson's case arose under federal diversity jurisdiction, the district court properly denied Robinson's motion to remand the case to state court. The district court correctly established that Robinson, a resident of California, and PPG Industries, a company with its "principal place of business" in its Pittsburgh headquarters, had complete diversity of citizenship. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). Robinson offered no evidence to "cast doubt" on PPG's showing that the "nerve center," *id.*, of its worldwide operations is in Pittsburgh.[1]

Moreover, the district court did not err when it concluded that Sebold had

---

[1] Robinson's motion to supplement the record on appeal and take judicial notice of additional evidence that PPG's principal place of business is located in California (Dkt. 20) is **DENIED**.

been fraudulently joined in the action to defeat diversity jurisdiction, as Robinson "fail[ed] to state a cause of action against a resident defendant, and the failure [wa]s obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). Robinson asserted only a harassment claim against Sebold, citing a remark made not to Robinson, but to Ron Lyndon, an independent recruiter, that Robinson might be "too senior" for two open positions at PPG. One isolated remark fails to meet the FEHA standard for harassment, which requires a "pattern . . . of a repeated, routine or a generalized nature," not something "occasional, isolated, sporadic, or trivial." *Aguilar v. Avis Rent A Car Sys., Inc.*, 980 P.2d 846, 851 (Cal. 1999) (internal quotation marks omitted). Additionally, a claim for hiring discrimination under the FEHA is actionable against the employer only, not against individual decisionmakers involved in the hiring decision. *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 66 (1996). As Robinson's failure to state a claim was therefore obvious according to settled law, there was no error in the district court's conclusion that Sebold had been fraudulently joined.

Finally, Robinson asked for $2 million in damages in his complaint, which vastly exceeds the $75,000 threshold for diversity jurisdiction. *See* 28 U.S.C. § 1332(a); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir.

3

1997) (holding that the amount in controversy is determined by what is sought in the complaint).

2. The district court did not abuse its discretion when it issued its orders striking filings and declining to grant a continuance under Fed. R. Civ. P. 56(d) for the purpose of reopening discovery. Robinson had almost ten weeks to prepare his opposition papers to PPG's motion for summary judgment, yet still failed to timely file them. Moreover, the district court reviewed the late-filed papers and ruled, in the alternative, that those papers raised no genuine issue of fact. Nor did the district court abuse its discretion by striking and refusing to consider a "Corrected Separate Statement"—in essence, a sur-reply—that Robinson's counsel filed after PPG had already submitted its reply papers in support of the summary judgment motion. The district court correctly noted that the record was closed before this "Corrected Separate Statement" was filed, and ruled that PPG would suffer substantial prejudice if it had to file another set of papers opposing a belated filing on Robinson's part.

Finally, the district court did not abuse its discretion in refusing to continue PPG's motion for summary judgment so that Robinson could take additional discovery. "The district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past, or if the movant fails to show how the information sought would preclude summary

4

judgment." *Cal. Union Ins. Co. v. Am. Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990) (citations omitted). Robinson had not diligently pursued discovery in the past, and the district court did not err in finding that the "additional" discovery he sought would have been duplicative.

3. We affirm the grant of summary judgment on Robinson's retaliation claim under the FEHA. To establish retaliation under the FEHA, Robinson was required in part to show that he was "engaged in activities protected by the FEHA." *Miller v. Dep't of Corr.*, 115 P.3d 77, 94 (Cal. 2005). Robinson argues that he engaged in "protected activity" when he sent the following email to Lyndon on October 15, 2018, in response to Lyndon's email telling Robinson that Sebold was "concerned about [Robinson] being too senior for the role":

> I understand. I believe being too senior is the battle I am having everywhere I interview. If they are looking for someone who will be around for 20 years, I am not that guy as I am now 60 years old but I do not have any health issues. I will wait to hear what you find out.

Even if this email was "sufficient to put an employer on notice as to what conduct it should investigate," *Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1133 (Cal. 2005), Robinson did not present any evidence that anyone at PPG knew about his email, because Lyndon was not PPG's agent. As a result, the email could not have occasioned any retaliatory conduct by PPG.

4. However, we reverse the grant of summary judgment on Robinson's age discrimination claim on two grounds. First, Robinson established a genuine

5

dispute of material fact by offering "direct evidence" of age discrimination, or "evidence which, if believed, proves the fact [of discriminatory animus] without inference or presumption." *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998) (alteration in original) (quoting *Davis v. Chevron, U.S.A., Inc.*, 14 F.3d 1082, 1085 (5th Cir. 1994)). Robinson testified that, during his telephone interview on October 10, 2018, Sebold said he was "trying to find somebody younger that he could develop into a role." While Sebold denied making that statement, PPG conceded that the statement was made for purposes of its summary judgment motion. Viewed in the light most favorable to Robinson, the statement "trying to find somebody younger" constitutes direct evidence of discrimination and creates a triable issue of fact as to whether "discriminatory animus" affected the hiring decision. *See DeJung v. Superior Ct.*, 87 Cal. Rptr. 3d 99, 111 (Cal. Ct. App. 2008).

Sebold's comment about Robinson's being "too senior" also factors into our analysis. California courts have ruled that references to seniority do not necessarily mean age. *See O'Mary v. Mitsubishi Elecs. Am., Inc.,* 59 Cal. App. 4th 563, 581, 69 Cal. Rptr. 2d 389, 401 (1997) ("Seniority qua seniority is not to be simplistically equated with "age" in an age discrimination suit."); *see also Goodman v. Raytheon Co.*, No. B252818, 2014 WL 6438725, at *10 (Cal. Ct. App. Nov. 17, 2014) (noting that "[u]se of senior . . . , *standing alone*, is not a negative,

6

age-related comment" (emphasis added)). But in this case the phrase "too senior" does not stand alone; there is other evidence in the record from which a trier of fact could conclude that Sebold actually meant "too old." Lyndon's email suggests that Sebold also consulted with PPG's Human Resources office about Robinson's being "too senior." PPG did not tell Robinson that it would not be hiring him until October 23, 2018, over a week after Sebold learned, via the email exchange with Lyndon on October 15, 2018, that Robinson was 60 years old. Finally, the phrase "too senior" must be viewed in the context of the "trying to find somebody younger" remark. This evidence, viewed in the light most favorable to Robinson, creates a genuine issue of material fact as to whether Sebold meant "too old" when he said "too senior," and so did not hire Robinson because of his age. *See Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1038–39 (9th Cir. 2005) (holding that the district court erred in finding employer's "going to hire a guy" statement ambiguous, because the context of the statement included "other sexist remarks" and "all inferences must be drawn in favor of the non-moving party" (quoting *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1129 (9th Cir. 2000))).

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.[2]**

---

[2] We also reverse the district court's grant of summary judgment on Robinson's failure to prevent discrimination claim in violation of the FEHA, as it was predicated solely on the grant of summary judgment on Robinson's other claims.