**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROCKY TRAN,

Plaintiff-Appellant,

v.

SAMSUNG SDI CO. LTD.,

Defendant-Appellee,

and

SAMSUNG SDI AMERICA, INC.;
BREAZY, INC, DBA Breazy.com,

Defendants.

No.   22-16288

D.C. No. 4:21-cv-03819-JSW

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted October 6, 2023
San Francisco, California

Before:  W. FLETCHER, TALLMAN, and LEE, Circuit Judges.

Plaintiff-Appellant Rocky Tran appeals the district court's order denying

Tran's motion to remand the action to California state court.  Tran also appeals the

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

district court's order granting Defendant-Appellee Samsung SDI Korea's (SDI) motion to dismiss for failure to diligently prosecute. We affirm.

The district court did not err in exercising diversity jurisdiction over defendant SDIA and denying Tran's motion to remand because SDIA is a sham defendant that was fraudulently joined. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."). Before both the district court and our court, Tran was unable to state a viable cause of action against SDIA under either California's products liability theory or under an alter ego theory of liability. *See Bay Summit Cmty. Assn. v. Shell Oil Co.*, 59 Cal. Rptr. 2d 322, 330 (Cal. Ct. App. 1996) (establishing elements that California courts use to assess whether a non-vertical market participant can be held strictly liable for defective products); *see also Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) (internal citations omitted) (stating the elements to establish that a subsidiary company is the mere alter ego of its parent corporation).

A district court should articulate why it dismissed without granting leave to amend; however, if upon de novo review the complaint could not be saved by the proposed amendments, then dismissal was not an abuse of discretion. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Because Tran's

2

proposed amendments were merely boilerplate legal conclusions, the district court did not abuse its discretion in dismissing the complaint without granting leave to amend.

Dismissal of a plaintiff's claim pursuant to Fed. R. Civ. Pro. 41(b) is proper if the plaintiff does not exercise reasonable diligence in advancing the action. *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). Failing to diligently prosecute a case "is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Id* (citations omitted). Tran did not provide a reasonable excuse for his failure to serve SDI with the summons and complaint until 455 days after the complaint was filed and 365 days after the case was removed to federal court. Because Tran did not exercise reasonable diligence in pursuing the cause of action against SDI, the district court did not abuse its discretion in granting SDI's motion to dismiss.

**AFFIRMED.**