[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 11, 2003
THOMAS  K. KAHN
CLERK**

_____

No. 00-10963

_____

D. C. Docket No. 98-00748-CV-BH-M

BRENDA D. TILLMAN, as Executrix
under the Last Will and Testament of
Kalen Oliver, Tillman, Deceased,

Plaintiff-Appellant,

versus

R. J. REYNOLDS TOBACCO, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(August 11, 2003)**

Before RONEY and HILL, Circuit Judges.[1]

_____

[1] This case is being decided by a quorum of the judges who sat for oral argument. During oral argument, Judge Susan Black discovered that she should recuse herself from consideration of this appeal.  Under such circumstances, it is appropriate for the remaining members of the court to fulfill their responsibility to consider the appeal if they can reasonably do so.  *See Federal Savings & Loan Ins. Corp. v. D & D Golfview Properties, Inc.,* 874 F.2d 1509 (11th Cir.1989)  Although not a necessary requirement for the quorum's consideration of this case, we note that there had been no oral or written exchange between the judges about this case prior to oral argument, and that immediately after oral argument, Judge Black excused

PER CURIAM:

On June 13, 2001, we issued an opinion in this case in which, *inter alia*, we asked the Alabama Supreme Court to answer a certified question regarding the interpretation of Alabama law concerning the liability of retailers who sell cigarettes. *See Tillman v. R. J. Reynolds Tobacco*, 253 F.3d 1302, 1307-08 (11th Cir. 2001). Federal jurisdiction of this case turns on the answer to our certified question because, as we stated, "If the complaint states a cause of action against retailers, there is no federal jurisdiction based on diversity." *Id.* at 1307. The question is as follows:

> WHETHER THERE IS ANY POTENTIAL CAUSE OF ACTION UNDER ANY THEORY AGAINST ANY RETAIL DEFENDANTS INCLUDING THOSE THAT EMPLOY PHARMACISTS WHO SELL CIGARETTES FOR CLAIMS BROUGHT UNDER THE ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE, OR PREMISED ON NEGLIGENCE, WANTONNESS, OR CIVIL CONSPIRACY UNDER ALABAMA LAW.

In its response, the Alabama Supreme Court answered our certified question in the affirmative as to the claims against retail defendants premised on negligence and wantonness, rejecting the retail defendants' argument that Tillman's negligence and wantonness claims merge into her Alabama Extended Manufacture's Liability

herself from any discussion of the merits of the case or of the procedures to be followed in connection herewith.

2

Doctrine statutory claims. *See Tillman v. R. J. Reynolds Tobacco Co., et al.*, No. 1001644, slip op. at 14-15 (Ala. June 30, 2003). With potential state law claims against the three Alabama retail defendants, the district court erroneously asserted federal jurisdiction on the ground that they had been fraudulently joined.

As we explained in our June 13, 2001 opinion, If there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court. *Tillman*, 253 F.3d at 1305.

We deny Reynolds' motion for leave to file a supplemental brief addressing the Alabama Supreme Court's recent decision in *Spain v. Brown & Williamson Tobacco Corp.*, No. 1000143 (Ala. June 30, 2003), which relates to the merits of the claims asserted against the manufacturers, over which the federal court has no jurisdiction because of the absence of the requisite complete diversity.

We vacate and remand to the district court with instructions to remand the case to the state court.

VACATED AND REMANDED WITH INSTRUCTIONS TO REMAND TO STATE COURT FOR FURTHER CONSIDERATION.