United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 15, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————

No. 03-60208
Summary Calendar

————

EDWARD P. KESZENHEIMER, JR.,

Plaintiff — Appellant,

versus

UNITED SERVICES AUTOMOBILE ASSOCIATION,
doing business as USAA Life Insurance Co.

Defendant — Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
No. 3:02-CV-470
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Edward P. Keszenheimer, Jr. appeals from the district court's judgment dismissing Defendant

United Services Automobile Association ("USAA") as fraudulently joined and denying Plaintiff's

motion to remand. On appeal, Keszenheimer argues that USAA and its wholly owned subsidiary,

USAA Life Insurance Co. ("USAA Life"), are inextricably intertwined and interested entities and that

USAA was improperly dismissed. Inasmuch as USAA Life, the only remaining defendant, has already

secured a final judgment in its favor in a previous suit based upon the same events, the dismissal of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

USAA had the effect of both maintaining the suit in federal court and defeating Keszenheimer's claim. Keszenheimer seeks to have the case remanded to state court. Having reviewed the pleadings and the record before us, we conclude Keszenheimer's motion to remand was properly denied and we affirm for the following reasons:

1.     There is sufficient evidence to establish that USAA and USAA Life are separate entities. USAA is an unincorporated reciprocal insurance association organized under the laws of the state of Texas. USAA Life is a corporation organized under the laws of the state of Texas with its principal place of business in San Antonio, Texas. As the district court found, the two entities maintain separate bylaws, separate boards of directors, and separate officers. They file separate tax returns and administer separate products.

2.     There is no evidence to warrant piercing the corporate veil.

3.     USAA has established that there is no basis for believing that Keszenheimer could recover from it in state court. USAA was not a party to the insurance policy at issue and Keszenheimer has no basis for recovery against USAA for the claims alleged in the complaint.

Accordingly, USAA was fraudulently joined to defeat diversity and was properly dismissed. AFFIRMED.