**Marshall SALKIN, an Individual;
Ellen Salkin, an Individual**

v.

**UNITED SERVICES AUTOMOBILE
ASSOCIATION; USAA Life
Insurance Company, et al.**

**Case No. EDCV 10–01322 VAP(OPx).**

United States District Court,
C.D. California.

Jan. 28, 2011.

Evangeline F. Grossman, Joel A. Cohen, Travis Murray Corby, William M. Shernoff, Shernoff Bidart Echeverria LLP, Claremont, CA, for Plaintiffs.

Becky J. Belke, Margaret Levy, Manatt Phelps & Phillips LLP, Los Angeles, CA, for Defendants.

PROCEEDINGS: MINUTE ORDER (1) DENYING PLAINTIFFS' MOTION TO REMAND SUIT AND (2) DENYING DEFENDANTS' EX PARTE APPLICATION TO SUPPLEMENT OPPOSITION (IN CHAMBERS)

VIRGINIA A. PHILLIPS, District Judge.

The Court has received and considered all papers filed in support of, and in oppo-

sition to, the Motion to Remand ("Motion") filed by Plaintiffs Marshall Salkin ("Mr. Salkin") and Ellen Salkin ("Mrs. Salkin") (collectively, "Plaintiffs"). (Doc. No. 13.) The Court has also received and considered all papers filed in support of, and in opposition to, the *Ex Parte* Application to Supplement their Opposition ("Application") filed by Defendants United Services Automobile Association ("USAA") and USAA Life Insurance Company ("USAA Life") (collectively, "Defendants"). (Doc. No. 17.) These matters came before the Court for a hearing on January 3, 2011. For the reasons set forth below, the Court DENIES Plaintiffs' Motion and Defendants' Application.

## I. BACKGROUND

### 1. Plaintiffs' Allegations

Plaintiffs, a husband and wife, purchased a life insurance policy in 2008 from Defendants for Mr. Salkin, naming Mrs. Salkin as the beneficiary.[1] (See Not. of Removal, Ex. B at 6.[2]) Mr. Salkin received this policy after undergoing a medical examination given by Defendants. (*Id.*) In 2009, Mr. Salkin was diagnosed with advanced cancer and Mrs. Salkin attempted to redeem an "accelerated death benefit" under the policy. (*Id.*) When they attempted to redeem the policy, Defendants began conducting further investigation into Mr. Salkin's medical history. (*Id.*) Based on information discovered during their investigation, Defendants then rescinded the policy. (*Id.*) On July 23, 2010, Plaintiffs filed suit against Defendants in the California Superior Court for the County of Riverside, alleging claims for breach of contract, breach of the duty of good faith and fair dealing, and to set aside rescission

of the policy under California Civil Code § 1692. Plaintiffs assert that Defendants' behavior constitutes improper "postclaims underwriting" for which they should be held liable. (*Id.*)

### 2. Procedural History

On September 1, 2010, Defendants removed the action to this Court, alleging that Plaintiffs fraudulently joined USAA as a defendant in order to defeat diversity jurisdiction. (*See* Not. of Removal ¶ 9.) Defendants assert that Mr. Salkin's policy was provided by USAA Life and that USAA had no role in issuing or rescinding the policy. (*Id.* ¶ 11.)

Plaintiffs filed the instant Motion on November 24, 2010, asserting USAA is a proper defendant. Defendants filed their Opposition to the Motion ("Opposition") on December 13, 2010. (Doc. No. 15.) Plaintiffs filed their Reply to Defendant's Opposition ("Reply") on December 20, 2010. (Doc. No. 16.)

Defendants filed their Application on December 27, 2010, and Plaintiffs opposed it on the same day. (Doc. Nos. 17 & 18.)

## II. LEGAL STANDARD

Plaintiffs move to remand this case to the Superior Court on the ground that this Court lacks jurisdiction because complete diversity is lacking. "Complete diversity" exists "where the citizenship of each plaintiff is different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir.2009). "[A]bsent complete diversity[,] a case is not removable because the district court would lack original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546,

---

1. In the state court complaint (the "Complaint"), while Plaintiffs acknowledge the distinction between USAA and USAA Life, Plaintiffs generally refer to Defendants collectively as USAA.

2. Defendants attached a copy of the Complaint as Exhibit B to their Notice of Removal. (Doc. No. 1.)

564, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). Plaintiffs contend that since USAA is authorized to and does business in California, complete diversity is lacking and the Court is without jurisdiction.

Nevertheless, "one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter,* 582 F.3d at 1043. "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Mercado v. Allstate Ins. Co.,* 340 F.3d 824, 826 (9th Cir.2003) (quoting *McCabe v. Gen. Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987)). If the joinder of the resident defendant is fraudulent, the Court "may ignore the presence of that defendant for the purpose of establishing diversity." *Hunter,* 582 F.3d at 1043.

To establish fraudulent joinder, Defendants, as the removing party, bear the "heavy burden" of showing Plaintiffs' Complaint "obviously fails" to state a claim against USAA. *Hunter,* 582 F.3d at 1044. "The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *McCabe,* 811 F.2d at 1339. A court reviewing a claim of fraudulent joinder may look beyond the pleadings, consider the entire record, and determine the basis of joinder by any means available. *Charlin v. Allstate Ins. Co.,* 19 F.Supp.2d 1137, 1140 (C.D.Cal.1998) (citing *McCabe,* 811 F.2d at 1339). "The district court, however, must resolve all disputed questions of fact in favor of the non-moving party." *Id.*

As the Court must construe the removal statutes strictly against removal jurisdiction, jurisdiction will be rejected if there is any doubt as to the right of removal. *See Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992). The corollary to this rule is that "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter,* 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco,* 340 F.3d 1277, 1279 (11th Cir.2003) (per curiam)).

## III. DISCUSSION

### 1. Plaintiffs Cannot State Any Claims Against USAA

Plaintiffs argue that this action should be remanded to Riverside Superior Court because USAA is properly joined here. They assert that: (1) USAA Life is the agent-in-fact of USAA; (2) USAA directed Plaintiffs to the life insurance application; and (3) Defendants should be regarded as one entity under *Downey Savings and Loan Ass'n v. Ohio Casualty Co.,* 189 Cal. App.3d 1072, 234 Cal.Rptr. 835 (1987). (*See* Mot. at 3.)

The parties agree that USAA Life is a wholly-owned subsidiary of USAA. (*See, e.g.,* Opp'n at 4.) "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods,* 524 U.S. 51, 61, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998) (internal quotation omitted). Under California law, a parent corporation may be held liable for the acts of its subsidiary only if that subsidiary is either the alter ego or the agent of the parent. *See Sonora Diamond Corp. v. Super. Ct.,* 83 Cal.App.4th 523, 99 Cal. Rptr.2d 824 (2000) (clarifying California law on the subject of the alter ego and agency theories of corporate parent liability); *see also Doe v. Unocal Corp.,* 248 F.3d

915 (9th Cir.2001) (holding that actions of the subsidiary may be attributed to the parent corporation for the purposes of general jurisdiction where the subsidiary is the alter ego or the agent of the parent).

### A. USAA Life Is Not The Alter Ego of USAA

 Under the alter ego doctrine, "when the corporate form is used to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose, the courts will ignore the corporate entity and deem the corporation's acts to be those of the persons or organizations actually controlling the corporation...." *Sonora*, 83 Cal.App.4th at 538, 99 Cal.Rptr.2d 824. To apply the alter ego doctrine, there must be: (1) "such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities ... do not in reality exist," and (2) "there must be an inequitable result if the acts in question are treated as those of the corporation alone." *Id.* Some of the factors a court should consider in determining whether to apply the doctrine are:

> "commingling of funds and other assets of the two entities, the holding out by one entity that it is liable for the debts of the other, identical equitable ownership in the two entities, use of the same offices and employees, and use of one as a mere shell or conduit for the affairs of the other."

*Id.* at 538–39, 99 Cal.Rptr.2d 824.

 To support their claim, Plaintiffs first assert that USAA does not clearly separate itself from USAA Life in publicly available material. (*See* Mot. at 6–10.) Plaintiffs point to the presence of USAA's name, logo, and information on communications Plaintiffs received from Defendants since 2008, and on Defendants' publicly-available website and telephone number. (*Id.*) The presence of USAA's logo on documents and correspondence from USAA Life does not demonstrate sufficiently that the two companies are one entity. *See BBA Aviation PLC v. Super. Ct.*, 190 Cal. App.4th 421, 117 Cal.Rptr.3d 914 (2010) (holding that the "mere appearance of a parent's logo on its subsidiary's documents" does not constitute pervasive control over day-to-day operations, nor prove the existence of a single entity).

Next, Plaintiffs allege that, when he applied for the life insurance policy, Mr. Salkin was never told that the policy would be issued by USAA Life as opposed to USAA. (*See* Mot., Salkin Decl. ¶¶ 2–4.) Plaintiffs assert that USAA is thus "directly involved in the administration and processing of USAA Life insurance applications." (Mot. at 12.) Defendants refute these contentions, and have submitted a declaration from the contractor working for USAA Life who contacted Mr. Salkin in May 2008 to interview him regarding his life insurance application. (*See* Opp'n, Decl. of Tara Williams ("Williams Decl.").) Ms. Williams states that she never mentioned USAA and only referred to USAA Life during the interview. (*Id.* ¶¶ 3–4.) Defendants submitted a transcript of the call which supports Ms. Williams's statements. (*See* Opp'n, Decl. of Becky J. Belke, Ex. A.)

Plaintiffs also allege that USAA "sets corporate policy regarding rescission of life insurance policies" and thus is responsible for Defendants' alleged postclaims underwriting. (Mot. at 3.) In their Reply, Plaintiffs emphasize that USAA maintains a committee charged with assessing, overseeing, and reviewing risk-management strategies for its subsidiaries, including USAA Life. (*See* Reply at 6–8.) Plaintiffs assert that there is such a "unity of interest" between Defendants that they should be considered one entity. (*Id.* at 5.)

Plaintiffs' allegations of USAA's involvement in the actions of USAA Life are

refuted by Defendants' submitted evidence. In a declaration filed with the Notice of Removal, USAA Life Assistant Vice President of Corporate Actuarial, Kristin J. Kuhn, states that USAA and USAA Life are separate and distinct legal entities with separate and distinct management and operations. (Not. of Removal, Kuhn Decl. ¶ 3.) She states that the two companies also "have separate Boards of Directors and Officers, which act independently of one another." (*Id.*) She also states that each of the two companies has its own financial statements and reserves, and each is fully capitalized. (*Id.* ¶ 4.) Finally, she states that USAA "markets and provides automobile and homeowners insurance" while USAA Life "markets and provides life and health insurance, as well as certain annuity products." (*Id.* ¶ 6.)

In addition, USAA Life Executive Director of Life and Health Claims, David W. Danchak, states in a declaration that "USAA has no involvement in the underwriting or handling of claims relating to USAA Life policies." (Not. of Removal, Danchak Decl. ¶ 2.) He also states that neither USAA nor any of its employees were involved with the issuance of the policy to Mr. Salkin, the handling of his claim, or the rescission of the policy. (*Id.* ¶ 3.) Defendants' declarations regarding the structure of the companies belie Plaintiffs' unsupported assertions about Defendants' corporate structure. Moreover, Plaintiffs' allegations regarding USAA's involvement in general risk management oversight for USAA Life and its other subsidiaries do not rise to the level of control that would support a charge that USAA Life is the alter ego of USAA. *See Unocal*, 248 F.3d at 927 ("A parent corporation may be directly involved in financing and micro-management of its subsidiaries, however, without exposing itself to a charge that each subsidiary is merely its alter ego.").

Finally, Plaintiffs' reliance on *Downey* is misplaced. In *Downey*, the court briefly mentioned the relationship between a parent and its subsidiary in the context of liability for punitive damages. *Downey*, 189 Cal.App.3d at 1100, 234 Cal.Rptr. 835. Without an in-depth examination of the issue, the court concluded that a parent and subsidiary were "one and the same" where the companies "occupied the same office space, used the same claims manual and claims handling procedures, and employed many of the same personnel; and that one consolidated set of financial statements was prepared for these companies." *Id.* While Plaintiffs have made some similar allegations here, the *Downey* court did not closely examine the relevant parent-subsidiary relationship, nor did it address the alter ego and agency theories which constitute controlling California law. *Downey* is therefore not controlling here. As demonstrated above, Defendants have met their burden of showing that USAA and USAA Life have separate operations and are not "one and the same," while Plaintiffs have provided no evidence refuting these claims.

Thus, Plaintiffs have not provided any evidence of the type of financial entanglement and interdependence necessary to show a unity of interests between the two companies that would support application of the alter ego doctrine. Meanwhile, Defendants have established through declarations that the two entities are completely separate. In addition, both the Fifth Circuit and another court in the Central District of California considered this exact issue and found that USAA and USAA Life are separate and distinct entities. *See Keszenheimer v. United Services Auto. Ass'n*, 78 Fed.Appx. 333 (5th Cir. 2003) [3] (holding that USAA and USAA

---

**3.** Fifth Circuit Rule 28.7 allows citation to unpublished judicial decisions.

Life are separate entities and that USAA was thus a fraudulently joined defendant); *Holden v. United Services Auto Ass'n, et al.,* No. 07–5424–JFW (C.D.Cal. Nov. 20, 2007) (same). Moreover, even if the first factor required for application of the alter ego doctrine was present here, there is no evidence that an "inequitable result" will occur if the two entities are considered to be separate. Plaintiffs will be able to maintain their suit against USAA Life, the company from which Mr. Salkin purchased his policy, albeit in a federal, rather than state court. Accordingly, the Court finds the actions of USAA Life cannot be considered the actions of USAA under the alter ego doctrine.

### B. USAA Life is Not the Agent of USAA

■ Alternatively, Plaintiffs argue that USAA Life is the "agent in fact" of USAA. The Complaint states that USAA "has guided and controlled both the initial underwriting and subsequent rescission" of Mr. Salkin's policy. (Not. of Removal, Ex. B.) A subsidiary corporation may be considered an agent of the parent "where the nature and extent of the control exercised over the subsidiary by the parent is so pervasive and continual that the subsidiary may be considered nothing more than an agent or instrumentality of the parent, notwithstanding the maintenance of separate corporate formalities." *Sonora,* 83 Cal.App.4th at 541, 99 Cal.Rptr.2d 824.

■ Plaintiffs have not shown that USAA exerts "pervasive and continual" control over USAA Life. Defendants, however, have submitted evidence to the contrary. Defendants' declarations from Ms. Kuhn and Mr. Danchak are proof that USAA and USAA Life are separate entities that operate independently, and that USAA does not exert control over USAA Life's actions in issuing or rescinding poli-

cies. (*See* Not. of Removal, Kuhn Decl.; Danchak Decl.)

Plaintiffs also cite *Delos v. Farmers Ins. Grp.,* 93 Cal.App.3d 642, 155 Cal.Rptr. 843 (1979), for the proposition that Defendants have a "unity of interest" such that they should be considered one and the same. (Mot. at 10–11.) In *Delos,* however, the relationship between the two companies was one of inter-insurance exchange and attorney-in-fact, where the attorney-in-fact rendered management services for the insurer, and in return received a percentage of the premiums paid by policyholders. *Delos,* 93 Cal.App.3d at 652, 155 Cal.Rptr. 843. The relationship between USAA and USAA Life is not one of insurer and attorney-in-fact, making *Delos* distinguishable.

Thus Plaintiffs have failed to provide any evidence refuting Defendants' proof that the two companies are separate entities and that USAA does not control USAA Life. Accordingly, USAA Life cannot be considered the agent of USAA, and thus the actions of USAA Life are not attributable to USAA.

### C. Defendants Have Met Their Burden of Showing Fraudulent Joinder

■ Finally, Plaintiffs assert that they are entitled to engage in discovery to determine whether or not USAA could possibly be held liable for their claims. (Mot. at 11.) This is not the standard by which fraudulent joinder is determined. A court determines whether an entity has been fraudulently joined by looking at the complaint and at facts presented by the parties at the time of removal. *See Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir.1998). There is no right at this stage for either side to engage in further discovery on this issue. *See, e.g., TPS Utilicom Servs., Inc. v. AT & T Corp.,* 223 F.Supp.2d 1089, 1103 (C.D.Cal.2002) (hold-

ing that plaintiff could not avoid a finding of fraudulent joinder by arguing that it might turn up a factual basis for its claims with future discovery).

 Defendants have met their heavy burden of showing that USAA and USAA Life are separate entities, and that USAA cannot be held liable for the actions of USAA Life when it issued and then rescinded Mr. Salkin's insurance policy. Under California law, there is no possibility given the evidence presented that Plaintiffs can state a claim against USAA based on the actions of USAA Life. USAA is thus a fraudulently joined defendant. As USAA Life is a Texas corporation with its principal place of business in Texas, there is complete diversity between the parties. Accordingly, the Court DENIES Plaintiffs' Motion.

### 2. Defendants' *Ex Parte* Application to Supplement Opposition is Denied

One week before the scheduled hearing on Plaintiffs' Motion, Defendants filed their Application requesting to submit further evidence. Per this Court's Standing Order, "this Court allows *ex parte* applications solely for extraordinary relief...." (Doc. No. 8 ("Standing Order") at 5.) In support of their Application, Defendants argue that they wish to respond to statements made in Plaintiffs' Reply, specifically the statement that it is necessary to be a USAA member in order to get a policy from USAA Life. (*See* Appl. at 2.) Plaintiffs made this exact same statement, however, in their Complaint. (*See* Compl. ¶ 20.) As Defendants had the chance to make this argument in their Opposition, Defendants have not shown that extraordinary circumstances exist. Accordingly, the Court DENIES Defendants' Application.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' Motion to Remand the case to Riverside Superior Court. Defendants have not moved for dismissal of the claims against Defendant USAA; however, based on the above findings, Plaintiffs cannot state any claims against USAA. Accordingly, the Court DISMISSES *sua sponte* Plaintiffs' claims against USAA with leave to amend. **Plaintiffs may file an amended complaint by no later than February 14, 2011.**

Additionally, the Court DENIES Defendants' *Ex Parte* Application to Supplement their Opposition.

**IT IS SO ORDERED.**